trustworthy information. *Torres*, 182 S.W.3d at 901. This includes "information furnished by a private citizen 'whose only contact with the police or criminal activity is a result of having witnessed a single criminal act committed by another.'" *Webb v. State*, 760 S.W.2d 263, 274 (Tex. Crim. App. 1988) (quoting *Frazier v. State*, 480 S.W.2d 375, 379 (Tex. Crim. App. 1972)); *see also Astran v. State*, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990) (arresting officer may rely on information provided to him by private citizen).

Here, the police had been dispatched to the scene of an accident. The arresting officer had reliable information from the victim of the accident and from an eyewitness that appellant was operating the pick-up when it ran the red light and struck Wharton's vehicle. Wharton testified that he smelled "a lot of alcohol" when he opened the door to the pick-up to check on appellant. The officers corroborated Wharton's information when they personally observed the accident scene, saw that no one else was in the pick-up with appellant, and saw appellant's demeanor and intoxicated state. Additionally, appellant told the arresting officer that he had consumed three drinks, and appellant failed the HGN test.

Given the combined observations of Wharton, the eyewitness, and the two officers, the officers had reasonably trustworthy information that appellant operated the pick-up and was intoxicated at the time. Accordingly, the record supports the conclusion that the officer had probable cause to arrest appellant without a warrant for the offense of driving while intoxicated. We conclude that the trial court did not err by denying the motion to suppress, and we resolve appellant's sole issue against him.

**Conclusion**

We affirm the trial court's judgment.

Do Not Publish
Tex. R. App. P. 47.2(b)
140236F.U05

ELIZABETH LANG-MIERS
JUSTICE

-5-